```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
JESUS MARIANO GUERRERO,

              Plaintiffs,

-against-

JEROME MEAT & PRODUCE CORPORATION, JEROME MEAT & PRODUCE CORPORATION I, JEROME MEAT & PRODUCE CORPORATION II, H&B FRESH PRODUCE CORP. and ABBAS SAFA A/K/A ABBAS SAFFA OR EDDIE SAFA,

              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/13/2024
```

23 Civ. 3878 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Jesus Mariano Guerrero, brings this action against Defendants, Jerome Meat & Produce Corporation, Jerome Meat & Produce Corporation I, Jerome Meat & Produce Corporation II, H&B Fresh Produce Corp., and Abbas Safa a/k/a Abbas Saffa or Eddie Safa, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, 650 *et seq.*, for, *inter alia*, failure to pay overtime and minimum wages. *See generally* Compl., ECF No. 1.

    Having reached a settlement (the "Settlement"), ECF No. 39-1, the parties seek the Court's approval of their proposed agreement, *see* Letter, ECF No. 39. For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

    I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b).

Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages for less than the full statutory damages without approval of the settlement by the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from a district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F.

2

Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.    Analysis

The Settlement provides Plaintiff with a recovery of $40,000, inclusive of attorney's fees and costs. Settlement ¶ 1; Letter at 2. Plaintiff states that his maximum possible recovery is $340,987.03, which encompasses owed wages, FLSA liquidated damages, and damages pursuant to the NYLL. ECF No. 39-2. The $40,000 settlement amount represents twelve percent of Plaintiff's best-case-scenario recovery and twenty-eight percent of his owed wages. Excluding attorney's fees, Plaintiff would recover only seven percent of his best-case-scenario damages and eighteen percent of owed wages. This recovery is substantially lower than comparable settlements approved by courts in this District. *See Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (collecting cases). Accordingly, the Court cannot find that the settlement amount is fair and reasonable, and it does not satisfy the first *Wolinsky* factor.

Additionally, Plaintiff fails to address the remaining four *Wolinksy* factors. He states—in conclusory terms—that the Settlement circumvents "the risks of proceeding to trial" and that "courts often recognize that settling a claim sooner rather than later is often valuable in its own right." Letter at 3–4. With such cursory briefing, the Court cannot determine whether the

Settlement is reasonable in light of the possible burdens and expenses of continued litigation and Defendants' potential defenses in this case. And, although Plaintiff's counsel describes his experience in wage-and-hour disputes, Letter at 10, he fails to discuss whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel" or the result of "fraud or collusion," *Wolinsky*, 900 F. Supp. 2d at 335 (citation omitted).

Lastly, the Settlement's proposed liability release is too sweeping to be fair and reasonable. "In general, 'any release provision must be limited to the claims at issue in this action.'" *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 324 (S.D.N.Y. 2021) (citation omitted). Here, the Settlement's release clause applies to:

> any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the [FLSA], and related regulations, the [NYLL] and related regulations promulgated by the NYS Commissioner of Labor, for any and all wage-and-hour claims and claims of retaliation pursuant to the FLSA and NYLL arising out of Plaintiff's employment with the Defendants up to and including the date Plaintiff executes this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Plaintiff may assert anywhere in the world against the Defendants, or any of them including but not limited to, alleged unpaid wages, unpaid minimum wages, unpaid overtime compensation, failure to provide required notices and/or wage statements, retaliation, back pay, liquidated damages, [and] interest, under any federal, state[,] or local laws.

Settlement ¶ 3. This language is too broad, extending beyond claims arising from the complaint to "any and all wage-and-hour claims . . . up to and including the date Plaintiff executes th[e] [settlement] [a]greement, whether known or unknown." *Id.* The Court, therefore, cannot conclude that the Settlement is "fair and reasonable" under *Cheeks* and shall not approve the Settlement.[1]

---

[1] The Court will not address the proposed attorney's fees as the calculations may change as a result of this order (e.g., counsel may work additional hours in revising the settlement, thereby affecting the lodestar calculations).

4

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice. By **September 13, 2024**, the parties may file a revised letter and settlement agreement consistent with this order.[2]

SO ORDERED.

Dated: August 13, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Plaintiff requests that the Court retain jurisdiction over this matter. Letter at 1. The Court will retain jurisdiction over a settlement for only a year following its approval, and will not do so unless the agreement is made part of the public record.