```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/15/2025_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS MARIANO GUERRERO,

    Plaintiff,

-against-

JEROME MEAT & PRODUCE CORPORATION, JEROME MEAT & PRODUCE CORPORATION I, JEROME MEAT & PRODUCE CORPORATION II, H&B FRESH PRODUCE CORP. and ABBAS SAFA A/K/A ABBAS SAFFA OR EDDIE SAFA,

    Defendants.

23 Civ. 3878 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Plaintiff, Jesus Mariano Guerrero, brings this action against Defendants, Jerome Meat & Produce Corporation, Jerome Meat & Produce Corporation I, Jerome Meat & Produce Corporation II, H&B Fresh Produce Corp., and Abbas Safa a/k/a Abbas Saffa or Eddie Safa, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, 650 *et seq.*, for, *inter alia*, failure to pay overtime and minimum wages. *See generally* Compl., ECF No. 1.

  On June 19, 2024, Plaintiff moved for approval of a proposed settlement agreement. *See* ECF No. 39; *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Court denied the request without prejudice to renewal, ECF No. 40, and later denied the parties' joint motion for reconsideration, ECF No. 48. Having amended their settlement (the "Settlement"), ECF No. 49-1, the parties once again seek the Court's approval, *see* Letter, ECF No. 49. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.  Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve

settlements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks*, 796 F.3d at 206 (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

The Settlement provides Plaintiff with a recovery of $40,000, inclusive of attorney's fees and costs, of which Plaintiff will ultimately receive $26,248.45. Letter at 2–4; Settlement ¶ 1. The recovery is to be paid across thirty-two consecutive monthly installments. Settlement ¶ 1. Plaintiff states that his unpaid wages and overtime total $118,864, and his maximum possible recovery, which would include liquidated damages, is $290,964. Letter at 2–3; ECF No. 49-2 at 1. Plaintiff's net result under the Settlement (*i.e.*, excluding attorney's fees and costs), therefore, amounts to twenty-two percent of his alleged unpaid wages and nine percent of his best-case scenario recovery.

Plaintiff's net recovery rate is lower than that of settlements typically approved by courts in this Circuit, but it is not "dramatically lower." *Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving a recovery amount of 12.5% of

3

Case 1:23-cv-03878-AT   Document 50   Filed 01/15/25   Page 4 of 7

plaintiffs' best-case scenario). Defendants maintain that they paid Plaintiff all his wages due, Letter at 2, 5, and Plaintiff acknowledges that, because "[t]here is a paucity of documentation regarding [his] hours worked," "[t]here is a considerable risk that a trier of fact might find that Plaintiff worked a lesser amount of hours and thus was entitled to a smaller recovery," *id.* at 6. These concerns are reasonable, and they militate in favor of a lower rate of recovery. *See Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112, 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015) (finding a settlement with a lower recovery rate to be reasonable in part due to the lack of "records reflecting either the wages plaintiffs earned or the hours they worked").

Plaintiff has also identified significant collectability concerns. The market where Plaintiff worked has closed. Letter at 6. And, although the previous owner of the market, Defendant Abbas Safa, operates another small business, his assets appear to be limited and he has debt obligations of at least $60,000. *See id.* at 7.

Given the litigation risks and collectability issues discussed above, Plaintiff's recovery is reasonable. *See id.*; *see also Aguilar v. N & A Prods., Inc.*, No. 19 Civ. 1703, 2019 WL 5449061, at *1–2 (S.D.N.Y. Oct. 24, 2019) (approving a settlement with a net recovery of four percent of the plaintiff's best-case scenario in light of "potential barriers to [the] [p]laintiff obtaining any recovery at trial and the fact that the proposed settlement arose out of arm's length bargaining"); *Penafiel*, 2015 WL 7736551, at *2 (approving a settlement with a net recovery of four percent of the plaintiffs' best-case scenario in light of "serious concerns about collectability, which 'militate[] in favor of finding a settlement reasonable'" (quoting *Lliguichuzhca*, 948 F. Supp. 2d at 365)).

The Court must also consider that "the range of possible recovery is only one factor relevant to settlement approval." *Penafiel*, 2015 WL 7736551, at *2. Here, all other factors

4

weigh in favor of approval. The parties represent that they engaged in mediated arm's-length bargaining, in which both Plaintiff and Defendants were represented by counsel, and the bargaining process was devoid of fraud or collusion. Letter at 7. Additionally, the Settlement's liability release clause is narrower than the clause which the Court previously rejected; it releases Defendants from liability for all wage-and-hour claims of Plaintiff "that were raised in the [c]omplaint in this action," up to the date of the execution of the Settlement. Settlement Addendum ¶ 3, ECF No. 49-1; *see* ECF No. 40 (rejecting the parties' previous settlement and explaining that "any release provision must be limited to the claims at issue in this action" (quoting *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 324 (S.D.N.Y. 2021))). Accordingly, the Court finds that the Settlement satisfies the *Wolinsky* factors and is, therefore, fair and reasonable.

Turning to attorney's fees, Plaintiff seeks an award of $13,751.55, inclusive of costs, or just over one third of the settlement amount. Letter at 8. A "fee arrangement of one third of the settlement amount plus costs is routinely approved by courts in this Circuit." *Paganas v. Total Maint. Sol., LLC*, No. 15 Civ. 5424, 2019 WL 3716170, at *4 (alteration adopted) (citation omitted); *see also Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).

As a check on the reasonableness of attorney's fees, however, courts also calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)); *see also Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (explaining that courts in this Circuit use

the lodestar method "even when the proposed fees do not exceed one third of the total settlement amount").

Plaintiff's counsel, Colin Mulholland, submitted contemporaneous billing records documenting his work on this matter. ECF No. 49-3. Mulholland's time records establish that he worked 11 billable hours at an hourly rate of $375. *Id.* The billing records are reasonable for a law firm partner like Mulholland who is an experienced wage and hour litigator. *See Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380–81 (E.D.N.Y. 2022) (collecting cases). The lodestar amount is, therefore, $4,125 in attorney's fees, plus $647 in costs.

Plaintiff's requested award of $13,751.55, inclusive of costs, represents a multiplier of approximately 2.88 relative to the lodestar. "Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Lazo*, 2019 WL 95638, at *3 (citation omitted). Although the requested 2.88 multiplier here is high, the Court recognizes that this Circuit favors the percentage-of-the-fund method for awarding attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel," *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (quotation marks and citation omitted), and, unlike the lodestar method, it encourages early settlement, *Hyun v. Ippudo USA Holdings*, No. 14 Civ. 8706, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016). Courts are particularly receptive to accepting percentage-of-the-fund awards over and above the lodestar amount where the award represents no more than one third of the fund and is consistent with a retainer agreement. *See Paganas*, 2019 WL 3716170, at *4. Because Plaintiff's requested award amounts to one third of the total settlement and is consistent with his retainer agreement, *see* Letter at 10, the Court accepts the lodestar multiplier here.

Accordingly, the Court finds Plaintiff's request for an award of $13,751.55 in attorney's fees and costs to be fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is GRANTED and the Settlement is SO ORDERED.[1]  The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: January 15, 2025
        New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Plaintiff asks the Court to retain jurisdiction to enforce the Settlement.  *See* Letter at 1.  The Court shall retain jurisdiction to enforce the Settlement for one year from the date of this order.